## Commonwealth v. Pauze

*Alfred J. Mattei, Assistant District Attorney*, for Commonwealth.
*Frank J. Marcone*, for defendant.

McGOVERN, *J.*, January 21, 1975—Defendant, John C. Pauze, following his nonjury trial, was found guilty of possessing a prohibited offensive weapon, Act of December 6, 1972, P.L. 1068 (No. 334), 18 Pa. C.S.A. §908, and violating the Pennsylvania Uniform Firearms Act, 18 Pa. C.S.A. §§6101, et seq. Defendant appeals his conviction. However, defendant addresses himself in brief and argument solely to the issue of "carrying a concealed deadly weapon," presumably referring to the violation of the Uniform Firearms Act. He also argues that the evidence was not sufficient to prove defendant guilty beyond a reasonable doubt.

A thorough review of the notes of testimony in this matter indicates that, pursuant to the proper legal standard, the evidence is sufficient to sustain defendant's conviction.

Defendant contends, in addition, that his conviction for violation of the Uniform Firearms Act should be set aside because there is no evidence of intention. A review of section 6106 of the Uniform Firearms Act, 18 Pa. C.S.A. §6106 immediately indicates to the reader that a specific intention is not required nor does the law anywhere superimpose any such specific criminal intent. There was no testimony at trial that would even inferentially raise an issue included in any of the ten stated exceptions to this statutory provision. We therefore are constrained to conclude that defendant's legal argument in this regard must fall.

The court, however, upon reviewing the record in this matter, is compelled to address itself to defendant's conviction for possession of a prohibited offensive weapon. The issue is one of substantial concern and the court, sua sponte, addresses itself to the question of whether or not that which has been defined by the evidence as being *the* "offensive weapon" is indeed such as the definition set forth in the Crimes Code envisions. Justice requires that this issue be addressed even though neither the attorney for the Commonwealth nor the attorney for the defendant raised this question. The weapon here is a .22 caliber pistol. The definition as set forth in section 908 of the Crimes Code reads in part:

" '[o]ffensive weapon' means any . . . firearm specially made or specially adapted for concealment or

silent discharge . . . or other implement for the infliction of serious bodily injury which serves no common lawful purpose.": 18 Pa. C.S.A. §908(c).

The subject weapon does not come within that definition. The clear language of the Crimes Code includes only weapons specially made or adapted for criminal purpose which special adaptation negates common lawful purpose. Particular reference in that regard is made to pistols or hand guns. There is no evidence of any adaptation in this case, much less any adaptation negating a common lawful purpose. Therefore in light of the foregoing we are constrained to enter the following

## ORDER

And now, January 21, 1975, after consideration of the briefs filed and argument held in the above captioned matter and in light of the foregoing:

1. A motion in arrest of judgment insofar as defendant's conviction of possession of prohibited offensive weapons pursuant to indictment 79, December, 1973 (18 Pa. C.S.A. §908) must be and is hereby granted and the verdict of guilty is set aside and stayed;

2. Defendant's motions in arrest of judgment and for a new trial in all other respects are refused and denied;

3. Defendant is directed to appear on February 7, 1975 at 10:00 a.m., Courtroom I, at the Court House, Media, Pa., for sentencing.